# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSE RUBEN VENTURA, A#208-248-630, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. JKB-17-1426 |
| WARDEN GARY MUMFORD | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM

Petitioner Jose Ruben Ventura, a citizen of Mexico, filed this habeas action pursuant to 28 U.S.C. § 2241, challenging his detention in immigration custody pending completion of proceedings seeking his removal from this country. Ventura seeks immediate release and argues the length of his detention surpasses the presumptively reasonable period of time for detention pending removal under *Demore v. Kim,* 538 U.S. 510 (2003). ECF 1.

Respondent, the Warden of the Worcester County Detention Center, through counsel, argues that Ventura has received all the due process and relief to which he is entitled and seeks dismissal of the petition for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. ECF 5. Ventura has filed an opposition response to the motion (ECF 7), and respondent has filed a reply. ECF 8. A hearing is not needed to resolve the case. *See* Loc. Rule 105.6 (D. Md. 2016). For reasons stated herein, the petition shall be DENIED and DISMISSED without prejudice.

### Background

The following facts are uncontested. Ventura entered the United States without permission and is now the subject of removal proceedings pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). In January of 2016, the Circuit Court for Wicomico

County charged VenturA with assault, reckless endangerment, possession of a firearm while under the age of 21, and related charges. *See State of Maryland v. Ventura,* Case No. 22-K-16-000019 (Cir. Ct. Wico. Co.). ECF 5-1 at pp. 3-9.[1] On February 6, 2016, while appearing in Circuit Court for a preliminary hearing on his criminal charges, Ventura was taken into custody by Immigration Customs Enforcement (ICE) personnel. ECF 5-1 at p. 2. At his March 9, 2016, initial bond hearing before an Immigration Judge (IJ), Ventura was ordered to remain in custody because he did not meet his burden of showing that he is not a danger to the community. ECF 5-1 at p. 10.

On April 26, 2016, Ventura was transferred to Wicomico County custody to adjudicate his state criminal charges. ECF 5-1 at p. 9. Ventura pleaded guilty to possession of a firearm while being under the age of 21 and was sentenced to 14 months in jail. *Id*. at pp. 3, 6. Because he was in state custody serving his criminal sentence, his removal proceedings before the immigration court were administratively closed on May 16, 2016. ECF 5-1 at p. 11.

After serving his state sentence, Ventura was returned to ICE custody on September 12, 2016. ECF 5-1 at p. 12. Ventura has spent nearly one year in immigration custody under 8 U.S.C. § 1226(a), pending the completion of his removal proceedings. Following counseled proceedings held on March 9, 2016, and September 21, 2016, an IJ denied bond and ordered that Ventura remain in detention based on his threat to the community.[2] ECF 5-1, pp. 11, 14. At a master calendar hearing on November 30, 2016, Ventura again moved for a bond hearing and advised the IJ that on November 25, 2016, he had applied for a U-visa[3] with the United States

---

[1] This Memorandum cites to pagination assigned through the Court's electronic filing system.

[2] Ventura does not seek review of the denial of bond in the context of this action. *See* ECF 7 at p. 1.

[3] The U-visa, or United States Citizenship and Immigration Services' ("USCIS") determination of a visa application request is an administrative process separate from the immigration court's removal proceedings.

2

Citizenship and Immigration Services[4] ("USCIS"). ECF 1 at p. 7; ECF 5-1 at p. 16. The IJ granted Ventura's request for continuance of the removal proceedings, but on December 13, 2016, again denied his motion for a bond hearing because Ventura did not show changed circumstances to warrant re-determination of bond. ECF 5-1 at p. 16.

On May 31, 2017, the IJ ordered Ventura removed from the United States to Mexico. ECF 5 -1 at p. 17. Ventura's counseled appeal of the removal order remains pending before the Board of Immigration Appeal ("BIA"). ECF 5-1, pp. 19-20, 23-25.

**Analysis**

Administrative review of a removal order becomes final either (1) upon a determination by the BIA affirming the IJ's order of removal, or (2) after expiration of the period during which the alien is permitted to seek review of an order of removal by the BIA. *See* 8 U.S.C. § 1101(a)(47)(B). Ventura is exercising the first option and is appealing the IJ's decision before the BIA. ECF 1 at p. 7; ECF 1-1 at pp. 10-12. Because his appeal is pending before the BIA, the removal order is not administratively final.

Insofar as Ventura is raising a constitutional challenge to his continued pre-removal order of detention, the court shall summarily dismiss the action. Until a final decision is rendered on Ventura's removal, his detention is governed by 8 U.S.C. § 1226, which applies to an alien

---

[4] Title 8 C.F.R. 214.14, "*Alien victims of certain qualifying criminal activity,*" provides in part:
    (c) Application procedures for U nonimmigrant status -- (1) Filing a petition. USCIS has sole jurisdiction over all petitions for U nonimmigrant status….

    (1)(ii) Petitioners with final orders of removal, deportation, or exclusion. An alien who is the subject of a final order of removal, deportation, or exclusion is not precluded from filing a petition for U–1 nonimmigrant status directly with USCIS. The filing of a petition for U–1 nonimmigrant status has no effect on ICE's authority to execute a final order, although the alien may file a request for a stay of removal [to the ICE, Enforcement and Removal Operations] pursuant to 8 CFR 241.6(a) and 8 CFR 1241.6(a). If the alien is in detention pending execution of the final order, the time during which a stay is in effect will extend the period of detention (under the standards of 8 CFR 241.4) reasonably necessary to bring about the petitioner's removal.

3

whose removal is sought but not yet determined. Under § 1226(e), such discretionary determinations are not subject to federal judicial review. *See* 8 U.S.C. § 1226(e); *Hyacinthe v. U.S. Attorney General*, 215 F. App'x 856, 862 n.7 (11th Cir. 2007) (holding that the court lacks jurisdiction to review plaintiff's claims regarding the immigration judge's denial of bond); *Galvez*, 56 F. Supp. 2d at 641 (§ 236e divests this Court of the authority to review discretionary decisions by the IJ under § 236(a) regarding petitioner's detention and bond). Having received all the relief to which he was entitled—individualized bond hearings—his claims are moot. *See Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (case becomes moot "when the claimant receives the relief he or she sought to obtain through the claim") (internal citations and quotations omitted); *Watkins v. Napolitano*, 2012 WL 4069763 *3 (D. Md. Sept. 14, 2012) (petition for writ of mandamus is moot because USCIS has already adjudicated plaintiff's Form I-130). This court therefore lacks jurisdiction to hear this matter.

Once the removal decision is final, detention during the removal period is governed by 8 U.S.C. § 1231. However, completion of removal proceedings does not necessarily entitle Ventura to the relief he seeks, because ICE is permitted to release certain aliens and detain others, based on mandatory detention language found in 8 U.S.C. § 1226(c). In *Demore v. Kim,* 538 U.S. 510 (2003), the Supreme Court found that the mandatory detention provision of an alien under § 1226(c) was a constitutionally permissible part of the removal process for the "limited period" necessary to complete the removal proceedings. *Id*. at 531. *Demore* generally upheld the constitutionality of 8 U.S.C. § 1226, with the caveat that the Attorney General may detain an alien without conducting an individualized bail hearing where the alien concedes he is removable within the meaning of 8 U.S.C. § 1226(c)(1)(B). *See Demore,* 538 U.S. at 522-23, 531.

The *Demore* Court distinguished *Zadvydas v. Davis*, 533 U.S. 678 (2001), a case in which the Supreme Court held that an alien subject to a final order of removal could not be indefinitely detained pursuant to 8 U.S.C. § 1231, on the grounds that (1) an alien detained for the limited period necessary to effect a removal pursuant to § 1226(c) was not detained indefinitely; and (2) mandatory detention pursuant to 8 U.S.C. § 1226(c) was generally of a much shorter duration than post-removal–period detention pursuant to § 1231. *See Demore*, 538 U.S. at 530.

Since the issuance of *Demore*, courts have looked to the length and duration of an alien's mandatory detention under § 1226(c). For example, in *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005), the Ninth Circuit concluded that § 1226(c) applied to "expedited" removal proceedings and found that mandatory detention for a period of two years and four months was not "expeditious." *See Tijani*, 430 F.3d at 1242; *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1137-38 (9th Cir. 2013). The Ninth Circuit also concluded that the length of the detention must be for a reasonable period and the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1079 (9th Cir. 2006).

At the time this petition was filed, Ventura had received three bond hearings and had been held in ICE custody for nearly a year, pending completion of removal proceedings. The court finds no constitutional violation associated with his detention. For these reasons the 28 U.S.C. § 2241 petition shall be dismissed with prejudice. A separate order follows.

Date: September 14, 2017    _____/s/_____
James K. Bredar
United States District Judge